IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

STEVE JACKSON,  )
Register No. 191317,  )
        )
        Plaintiff,  )
        )
        v.  )   No. 04-4170-CV-C-NKL
        )
DWAYNE HEATHER, et al.,  )
        )
        Defendants.  )

## REPORT, RECOMMENDATION AND ORDER

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiff Steve Jackson alleges that defendants Heather, Weatherford and Campbell used excessive force on him when they applied mace to him and took from him a package for purposes of searching it. Plaintiff also claims that defendants Price-Whitlock, Koon and Patrick used excessive force on him when they removed him from his cell, placed him in restraints and carried him to a strip cell. In both instances, plaintiff essentially alleges that the amount of force used was excessive and applied maliciously and sadistically rather than in a good faith effort to maintain order and security in the prison. The facts are undisputed.

On July 18, 2005, defendants Heather, Weatherford, Campbell, Price-Whitlock, Koon, and Patrick filed a motion for summary judgment. Plaintiff filed a response to defendants' motion and defendants replied.

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a

material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).

In order for plaintiff to prevail on the excessive use of force, he must establish that the force "was excessive and applied maliciously and sadistically for the very purpose of causing harm; [and not in a good faith effort to achieve a legitimate purpose;]." 8th Cir. Civil Jury Instr. 4.30 (2005); Howard v. Barnett, 21 F.3d 868 (8th Cir. 1994); Cummings v. Malone, 995 F.2d 817 (8th Cir. 1993).

The force in both instances was used for the purpose of maintaining order and security in the prison. In both instances, Jackson had refused direct orders. In the first instance, he refused to turn over the bag he was holding so the defendants could search it, something they had the right and obligation to do. Thus, the use of force in that situation was appropriate. In the second instance, plaintiff refused to cooperate so that the handcuffs could be removed and he could be transferred to a strip cell. Again, plaintiff failed to comply with a direct order and the use of force was appropriate to maintain security in the prison. The only question in each instance is whether the force used was excessive. The

2

facts are set forth in more detail in defendants' motion for summary judgment. They are not in dispute. The only question is whether a jury could conclude, based on the facts, that the defendants acted maliciously and sadistically for the very purpose of causing harm or whether they acted in a good faith effort to restore order and discipline within the prison.

The use of mace by defendants Heather, Weatherford and Campbell was in response to plaintiff's refusal to comply with a direct order to turn over a bag he was holding so that it could be searched. Searches of inmates and their property are legitimate and necessary for safety and security of the institution. Defendants were not required to allow the plaintiff to continue to hold the bag while they searched it, as plaintiff had requested in the case. Such a methodology would increase the risk to guards while the search was taking place. The use of mace and any incidental tightening of plaintiff's handcuffs for purposes of acquiring the bag from plaintiff so that it could be searched cannot be seen as the use of force maliciously and sadistically for the very purpose of causing harm. Cowans v. Wyrick, 862 F.2d 697, 699-700 (8th Cir. 1988) (no cruel and unusual punishment exists where force is applied in a good faith effort to maintain or restore discipline); Jones v. Sheilds, 207 F.3d 491 (8th Cir. 2000). Force was necessary and appropriate to get control of the bag, and the evidence indicates nothing more than reasonable and limited force to accomplish that purpose. There is no evidence from which a jury could find the force was applied maliciously and sadistically for the purpose of causing harm. Accordingly, summary judgment should be granted in favor of defendants Heather, Weatherford and Campbell on the claim of excessive use of force by these defendants.

Plaintiff's second claim involves the use of force by the "extraction" team, in which plaintiff alleges that one of the individuals stuck his finger in his eye and used excessive force upon his head, face, eyes and neck. Plaintiff, however, has only identified that individual as a "John Doe." The named defendants in this claim are Koon, Price-Whitlock and Patrick. Neither defendant Koon nor Price-Whitlock were involved in using force to remove plaintiff from his cell. Plaintiff concedes that they were named only because he had seen these two defendants carry another inmate out of his cell, but plaintiff has no evidence they were involved in the incident; thus, summary judgment should be granted in their favor. Defendant Patrick was part of the extraction team, but he, at no time, placed his hands on

Jackson's head or throat, according to his affidavit.  Furthermore, Jackson does not allege that Patrick was the person who used force on plaintiff's head.  Therefore, summary judgment should be granted in favor of defendant Patrick because there is no dispute of fact and no evidence from which a jury could find that defendant Patrick used excessive force upon plaintiff.  See Friends v. Moore, 776 F. Supp. 1382 (E.D. Mo. 1991) (entering inmate's cell to strip him out is appropriate to restore order).

Plaintiff's third claim is that the strip cell in which he was placed amounted to cruel and unusual punishment because he was deprived of toilet paper, hygiene items, light and bedding for an excessive length of time.  Plaintiff has come forward with no evidence to indicate that any of the named defendants in this lawsuit had any knowledge of or control over the circumstances and conditions of the strip cell.  Thus, they cannot be held liable for those conditions.  To establish that conditions of confinement violate the Eighth Amendment, a petitioner must show 1) the alleged deprivation is objectively sufficiently serious, resulting in the denial of the minimal civilized measure of life's necessities; and 2) the prison officials were deliberately indifferent to an excessive risk to inmate health or safety, meaning that the officials actually knew of and disregarded the risk. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Whether the strip cell was cruel and unusual punishment need not be determined because plaintiff has failed to come forward with evidence from which it could be found that any of the defendants knew of the conditions and failed to take action.

The defendants have also raised the issue of qualified immunity.  The issue need not be addressed because the court has already found that plaintiff's constitutional rights were not violated by these defendants and therefore, the court need not reach the issue of qualified immunity.

Based on the foregoing, plaintiff's motion for summary judgment should be denied.

Court records indicate "John Doe" defendants "A" and "B" have not been identified or served with the summons and complaint.  Generally, the use of "John Doe" defendants is not permitted in federal practice.  Iseley v. Bucks County, 549 F. Supp. 160, 163 n.3 (E.D. Pa. 1982); Rosenthal v. State of Nevada, 514 F. Supp. 907, 914 (D. Nev. 1981); Breslin v. City & County of Philadelphia, 92 F.R.D. 764, 765 (E.D. Pa. 1981).  In some instances,

however, the use of "John Doe" defendants has been permitted where the identity of the defendants may be determined through pretrial discovery. See Gillespie v. Civiletti, 629 F.2d 637 (9th Cir. 1980); Productions & Leasing v. Hotel Conquistador, Inc., 573 F. Supp. 717, 725 (D. Nev. 1982), aff'd, 709 F.2d 21 (9th Cir. 1983).

Fed. R. Civ. P. 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Plaintiff was granted leave to proceed in forma pauperis on September 30, 2004. Here, it has been more than 120 days since plaintiff's complaint was filed naming the John Doe defendants. Plaintiff has neither identified these defendant nor provided addresses for service of process.

Plaintiff's remaining pending motions will be denied.

IT IS, THEREFORE, ORDERED that plaintiff's motions for appointment of counsel are denied, without prejudice [37, 57]. It is further

ORDERED that plaintiff's motions for an extension of time, to strike and for ruling are denied as moot [45, 55, 56]. It is further

RECOMMENDED that plaintiff's claims against the John Doe defendants be dismissed, pursuant to Fed. R. Civ. P. 4(m). It is further

RECOMMENDED that plaintiff's motion for summary judgment be denied [50]. It is further

RECOMMENDED that defendants' motion for summary judgment be granted and plaintiff's claims be dismissed [43].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. See Nash v. Black, 781 F.2d 665, 667 (8th Cir. 1986) (citing Thomas v. Arn, 474 U.S. 140 (1985)); Messimer v. Lockhart, 702 F.2d 729 (8th Cir. 1983). Failure to make

specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 30th day of November, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

6